Lindsay G. Leavitt (029110)
Haley A. Harrigan (032620)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: (602) 530-8000
lindsay.leavitt@gknet.com
haley.harrigan@gknet.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| OMNI HOTELS MANAGEMENT CORPORATION dba OMNI TUCSON NATIONAL RESORT, a Delaware for-profit business corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DANIELLE TARAN, a single woman; JOHN DOES I-X; JANE DOES I-X, <br><br> Defendants. | No. <br><br> COMPLAINT |

For its cause of action against Defendant Danielle Taran ("Defendant"), Plaintiff Omni Tucson National Resort ("Plaintiff" or "Omni Tucson"), alleges as follows:

**INTRODUCTION**

1. This case arises because Defendant committed fraud on the court when she misrepresented under oath to a Tucson jury the scope and extent of her purported injuries from a slip-and-fall at Plaintiff's resort. Defendant also deliberately concealed material information from the jury because she knew it would ruin her case. This action seeks to hold Defendant accountable for her affirmative misrepresentations and calculated concealment of evidence harmful to her case throughout the litigation and while under oath at trial.

9758024v1/42086-0001

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a Delaware corporation authorized to do and doing business in Arizona.

3. Upon information and belief, Defendant is a resident of Pima County, Arizona.

4. Defendant caused certain events to occur in Pima County, Arizona.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant resides in (and committed acts in) Pima County, Arizona that give rise to this cause of action.

## GENERAL ALLEGATIONS

### The Incident

7. On February 29, 2020, while attending a golf tournament hosted at Plaintiff's property in Tucson, Arizona, Defendant tripped and fell on the sidewalk, purportedly fracturing her left pinky finger. She stayed for the tournament and did not visit a doctor until a few days later.

8. Her medical bills totaled approximately $4,500.00.

9. She did not submit a claim for lost wages.

### The Trial

10. A jury trial was held in Pima County Superior Court from April 25 – 28, 2022.

11. Defendant personally testified that since her trip-and-fall—and even as of the date of her trial testimony—that her "grip strength never is quite the same" and that she "can't use single dumbbells anymore just because it requires [her] whole hand for anything more than like 20 pounds."

9758024v1/42086-0001

12. Defendant's then boyfriend, now fiancé, testified (as of the time of trial) that it was still difficult and painful for Defendant to even "get down on the floor and extend the palm of the hand down like to play with [her] cat . . . or [pet] bunny."

13. Defendant also testified at trial (again, nearly 26 months after the injury) the following:

- she was still experiencing the effects of the hand injury;
- that it impacted her day-to-day life, including her ability to drive, hike, participate in cycling and yoga classes, play soccer, lift weights, play the violin, and garden;
- that she could not put any pressure on her left hand as she played with her bunny on the floor;
- that she still had work-related lifting restrictions;
- she intends to have children one day but was concerned about her ability to play with them given the pain in her left hand;
- she was also concerned about the possibility of needing future surgery "if something were to cause [her hand] some distress again."

14. The jury found Plaintiff liable to Defendant and awarded her $112,500.00 for her injuries and damages, a 25x multiple of her medical bills.

### Defendant's Fraud

15. What Defendant did not disclose during the litigation—and certainly did not tell the jury while she was testifying *ad nauseum* about the physical limitations caused by her finger injury—was that in the months leading up to trial she was consistently and continuously participating in extreme pole dancing classes while training for a national pole-dancing competition.

16. Plaintiff did not (and could not) discover this information prior to trial—it was only revealed once social media posts showing Defendant at her pole-dancing classes were uploaded after the trial. On information and belief, several of Defendant's pole-dancing photographs and videos pre-dated the trial but were intentionally not uploaded until after the trial concluded to prevent Plaintiff from discovering this information and using it to defend itself against Defendant's claims.

17. The pole-dancing photographs show Defendant participating with her classmates in rigorous and physically-demanding stunts, including supporting her entire body weight with her hands several feet off the ground while gripping a vertical metal pole. Below are just two examples of the photographs depicting Defendant performing this exercise:



9758024v1/42086-0001

18.   These photographs, and Defendant's participation in extreme pole-dancing classes and competition (in which Defendant admits through her above social media posts that she had been "practic[ing] every weekend for months") were not disclosed before trial and in fact were intentionally concealed from Plaintiff because Defendant knew this evidence would demonstrate the falsity of all trial testimony from Defendant and her fiancé about the extent of her injury.

### COUNT I
### (Fraud on the Court)

19.   Plaintiff incorporates by reference the allegations in each of the preceding paragraphs of the Complaint as though fully set forth herein.

20.   A judgment resulting from a fraud on the court may be set aside by motion or by an independent action.

21.   Fraud on the court occurs when, by fraud, a party has prevented a real contest before the court of the subject matter of the suit.

22.   A judgment may be set aside when a party obtains the judgment by concealing material facts and suppressing the truth with the intent to mislead the court.

23.   Defendant obtained a judgment against Plaintiff in the amount of $112,500.00—with the vast majority of her award allocated for her alleged pain, suffering, and loss of use and enjoyment of life.

24.   The basis for the jury's decision to award Defendant such a large verdict was her trial testimony describing the effect her injury was still having on her day-to-day-to life.

25.   Facts that would directly disprove the scope and permanency of Defendant's purported injuries are deemed material, and thus should have been disclosed under Arizona law and rules of civil procedure.

9758024v1/42086-0001

26. Her participation in a weekly pole-dancing class is a material fact that the court and jury were entitled to hear at trial.

27. Defendant knew that her representations under oath about the scope and permanency of her injuries were false and that they were material to her claim for damages.

28. Defendant knew that the jury and court were unaware that she was concealing material facts and intended that the jury award her damages because they were unaware of the material facts that she concealed.

29. The jury and court had a right to rely on Defendant's sworn testimony, believing that she was testifying truthfully.

30. Defendant's actions damaged the integrity of the judicial process itself and constituted a wrong against the institutions set up to protect the safeguard the public.

31. Plaintiff was also harmed by Defendant's fraud on the court, as it was not able to present to the jury material information that fully discredited Defendant's jury testimony and purported claim for damages.

32. Plaintiff incurred damages due to Defendant's conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant as follows:

A. That judgment be entered in favor of Plaintiff against Defendant for its damages;

B. That Plaintiff be awarded injunctive relief staying the Judgment and suspending Defendant's efforts to collect on the Judgment during the pendency of this action;

C. That Plaintiff be awarded its reasonable attorneys' fees and costs incurred as a result of Defendant's misconduct;

D. That Plaintiff be awarded its reasonable attorneys' fees and costs in this case; and

E. Any other relief the Court deems appropriate.

//

9758024v1/42086-0001

DATED this 12th day of December, 2023.

**GALLAGHER & KENNEDY P.A.**

By: */s/ Lindsay G. Leavitt*
Lindsay G. Leavitt
Haley A. Harrigan
2575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
*Attorneys for Plaintiff*

9758024v1/42086-0001